**FILED**

AUG 20 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name   Martinez        Juan          MANUEL
          (Last)          (First)         (Initial)

3    Prisoner Number   H-24948

4    Institutional Address   P.O. Box 689/BW-207-L

5         CTF Central Facility, Soledad, CA.93960-0689

6    ====================================================

7                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**

8    Juan Martinez
     (Enter the full name of plaintiff in this action.)

                                              **CV 08 3985**

9

10                     vs.                    Case No. _____
                                              (To be provided by the clerk of court)
     Ben Curry et., al.

11   _____          **PETITION FOR A WRIT**
                                              **OF HABEAS CORPUS**  **(PR)**
12   _____

13   _____          E-filing

14   (Enter the full name of respondent(s) or jailor in this action)

15

16   ==================================================

                    Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1 | **Who to Name as Respondent**

2 | You must name the person in whose actual custody you are. This usually means the Warden or

3 | jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 | respondents.

6 | If you are not presently in custody pursuant to the state judgment against which you seek relief

7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 | custody you are now **and** the Attorney General of the state in which the judgment you seek to attack

9 | was entered.

10 | **A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE**

11 | 1. What sentence are you challenging in this petition?

12 |     (a)  Name and location of court that imposed sentence (for example; Alameda

13 |     County Superior Court, Oakland):

14 |     San Bernardino Superior Court      San Bernardino County

15 |     Court                  Location

16 |     (b)  Case number, if known __CRC-19476__

17 |     (c)  Date and terms of sentence __Feb. 1, 1995 (19 years to life)__

18 |     (d)  Are you now in custody serving this term? (Custody means being in jail, on

19 |     parole or probation, etc.)        Yes _x___      No _____

20 |     Where?

21 |     Name of Institution: __Correctional Training Facility__

22 |     Address: __P.O. BOX 689 Soledad, California, 93960-0689__

23 | 2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 | challenging more than one sentence, you should file a different petition for each sentence.)

26 | 1. Second degree murder as to P.C. §187(a)

27 | 2. Use of firearm as to P.C. 12022.5

28 |

PET. FOR WRIT OF HAB. CORPUS     - 2 -

3. Did you have any of the following?

    Arraignment:                           Yes __x__    No _____

    Preliminary Hearing:              Yes __x__    No _____

    Motion to Suppress:              Yes _____    No __x__

4. How did you plead?

    Guilty _____    Not Guilty __x__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __x__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?         Yes __x__    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes __x__    No _____

    (b)    Preliminary hearing     Yes __x__    No _____

    (c)    Time of plea            Yes __x__    No _____

    (d)    Trial                    Yes __x__    No _____

    (e)    Sentencing             Yes __x__    No _____

    (f)    Appeal                 Yes __x__    No _____

    (g)    Other post-conviction proceeding    Yes _____    No _____

8. Did you appeal your conviction?       Yes _____    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal         Yes __x__    No _____

        Year: 9/19/1994    Result: 1st degree murder conviction reversed

        Supreme Court of California     Yes _____    No _____

        Year: _____    Result:_____

        Any other court          Yes _____    No _____

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

| | | petition? | Yes _____ | No _x_ |
|---|---|---|---|---|
| | (c) | Was there an opinion? | Yes _x_ | No_____ |
| | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| | | | Yes _____ | No_____ |

If you did, give the name of the court and the result: _____

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _x_    No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: _Superior Court, San Bernardino County_____

Type of Proceeding: _Habeas Corpus_____

Grounds raised (Be brief but specific):

a. _CDC illegally imposed $10,000 restitution fine to_____

b. _petitioner's sentence and illegeally collected monies_

c._____

d._____

Result: _Denied. See Exh. F_____    Date of Result:_2-8-05_

II.    Name of Court: _Superior Court San Bernardino County_____

Type of Proceeding: _Reconsideration Motion_____

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

V. **Name of Court:** California Court of Appeal 4th District

   **Type of Proceeding:** Habeas Corpus

   **Grounds raised**

   a. Superior Court violaterd the California Supreme Court's Directive

      in ruling on the meritsof petitioner's claims.

   **Result:** Denied. See Exh. M    **Date of Result:** 7-20-07


VI. **Name of Court:** California Supreme Court

   **Type of Proceeding:** Habeas Corpus

   **Grounds raised**

   a. Superior Court violated the California Supreme Court's Directive

      in ruling on the merits of petitioner's claims.

   **Result:** Denied. See Exh. N    **Date of Result:** 7-9-08

a. 1) Court failed to address each and every claim in 2/8/05

b. petition for habeas corpus order denying petition.

c. 2) Court failed to acknowledge pertinent legal principles.

d. _____

Result: Denied. See Exh. H _____ Date of Result: 3-23-05

III.   Name of Court: California Court of Appeal 4th District

Type of Proceeding:  Habeas Corpus

Grounds raised (Be brief but specific):

a. 1) Court failed to address each claim raised in habeas petition

b. 2) Court failed to acknowledge pertinent legal principles.

c. 3) Court erred by improperly imposing a belated $10,000 restitution

d. fine thus violating petitioner's constitutional rights.

Result: Denied. See Exh. I _____ Date of Result: 4-29-05

IV.   Name of Court: California Supreme Court

Type of Proceeding: Habeas Corpus

Grounds raised (Be brief but specific):

a. 1) Court failed to address each claim raised in habeas petition.

b. 2) Court failed to acknowledged pertinent legal principles.

c. 3) Court erred by improperly imposing a $10,000 restitution fine

d. _____

Result: Order to Show Cause See Exh. J Date of Result: 6-21-06

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No x

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1   need more space.  Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One:_____ See Attached Petition

6

7       Supporting Facts:_____ See Attached Petition

8

9

10

11      Claim Two:_____ See Attached Petition

12

13      Supporting Facts:_____ See Attached Petition

14

15

16

17      Claim Three:_____ See Attached Petition

18

19      Supporting Facts:_____ See Attached Petition

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1   List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3   of these cases:

4   _____ See Attached Petition _____

5   _____

6   _____

7   Do you have an attorney for this petition?                    Yes_____    No _xx_

8   If you do, give the name and address of your attorney:

9   _____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on __*8/15/08*__                    _____

14              Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1      UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF CALIFORNIA

3

4

5
JUAN MARTINEZ                                      Case No._____

6          Petitioner,

7      v.

8
BEN CURRY, WARDEN

9          Respondent.

10   _____/

11

12

13

14

15          PETITION FOR WRIT OF HABEAS CORPUS;

16          MEMORANDUM OF POINTS & AUTHORITIES;

17                      EXHIBITS

18

19

20

21

22                              Juan Martinez
                                P.O Box 689/BW-207U
23                              CTF Central Facility
                                Soledad, CA. 93960-0689
24
                                Petitioner in pro per
25

26

27

28

# TABLE OF CONTENTS

Petition For Writ Of Habeas Corpus ..... 1

Procedural History; Administrative & Judicial Remedies ..... 2

Statements Of Facts And Introduction ..... 2

Contentions ..... 5

Prayer For Relief ..... 5

Verification ..... 6

Memorandum Of Points And Authorities ..... 7

THE STATE'S COURT ERRED IN IMPOSING THE RESTITUTION FINE BECAUSE PETITIONER WAS NOT REPRESENTED BY COUNSEL AND BECAUSE PETITIONER WAS DEPRIVED OF HIS RIGHT TO BE PERSONALLY PRESENT ON HIS JUNE 14, 2004, HEARING THUS VIOLATING HIS RIGHTS AS GUARANTED BY THE FIFTH AMENDMENT, SIXTH AMENDMENT, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. ..... 7

A. THE COURT ERRED IN IMPOSING THE RESTITUTION FINE BECAUSE PETITIONER WAS NOT REPRESENTED BY COUNSEL ON HIS JUNE 14, 2004, HEARING ..... 7

B. THE COURT ERRED IN IMPOSING THE RESTITUTION FINE BECAUSE PETITIONER WAS DEPRIVED OF HIS RIGHT TO BE PERSONALLY PRESENT ON HIS JUNE 14, 2004, HEARING. ..... 9

C. THE ERROR WAS JUDICIAL ..... 11

Conclusion ..... 11

Juan Martinez H-24948
P.O. Box 689/BW-207
CTF Central Facility
Soledad, CA 93960-0689

IN PRO PER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

IN RE: JUAN MARTINEZ

    Petitioner

ON HABEAS CORPUS

_____/

CASE NO. _____

PETITION FOR WRIT OF HABEAS
CORPUS AND MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT THEREOF.

## PETITION FOR WRIT OF HABEAS CORPUS

**TO: THE HONORABLE UNITED STATES DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

Comes Now **Juan Martinez** (hereafter Petitioner), a prisoner of the State of California, housed at the Correctional Training Facility, Soledad, California, proceeding pro se with his habeas corpus. Petitioner contends, and believes the evidence shows, that the decision by the trial court to impose a restitution fine to petitioner's sentence nine years after petitioner sentence is an **ILLEGAL AND UNCONSTITUTIONAL** decision and thereby violated his right to due prcess guaranteed by the Fourteenth Amendment to the United States Constitution. Based on facts, grounds, arguments, authorities, and exhibits herein petitioner respectfully seeks habeas corpus relief in an order   (a) vacating the court's order to impose restitution in the amount of

1  ten thousand (10,000) dollars to petitioner's sentence, after a final judgment
2  nine years after a plea agreement between petitioner and the prosecutor on
3  February 1, 1995.

4  (b) Petitioner by way of this writ, does not contest or challenge his condi-
5  tions at the Correction Training Facility, Soledad, California. Rather, peti-
6  tioner, by way of this writ does contest and challenge the violations of Fe-
7  deral Constitutionality and denial of protection of due process under both,
8  State and Federal Constitutions.

9

10                                    II.

11               PROCEDURAL HISTORY; ADMINISTRATIVE REMEDIES

12  The Petition is timely. The California Supreme Court denied relief on July 9,
13  2008. (Case No. S157901)

14  Petitioner is in custody. Petitioner is housed at the Correctional Training
15  Facility (CTF), Soledad, California, Ben Curry, Warden.

16  Exhaustion of Administrative Remedies. Inmate Appeal CDC 602 (log # CTF 03-
17  03457) was denied July 6, 2004.

18  Jurisdiction And Venue. This Court has jurisdiction and is the proper venue.
19  Petitioner is confined at (CTF), Soledad, California.

20

21                                   III.

22                 STATEMENT OF FACTS AND INTRODUCTION

23

24        On February 6, 1992, petitioner was sentenced to 25 years to life for
25  a violation of P.C. §187 (first degree murder) and the court imposed a 10,000
26  dollars restitution fine. (see exh. A)

27        On january 25, 1995, petitioner signed a "WAIVER FOR PERSONAL PRESENCE
28  FOR RESENTENCING" that states petitioner's "[f]irst degree [murder] has been

                                   2.

1  reversed. The District Attorney has decided to reduce the conviction to a mu-
2  rder in the second degree pursuant to the Court of Appeal decision." (see exh.
3  B)

4      On February 1, 1995, petitioner was resentence to "19 years to life on
5  the second degree murder charge, and a term of four years for the use of a
6  firearm." (Id.)

7      The Abstract of Judgement (see exh. C) and Minute Order from the resen-
8  tencing (see exh. D) both reflect the trial court did not imposed any restitu-
9  tion in this case. This is consistent as reflected in the sentencing as set
10 forth in the waiver form of January 25, 1995, that petitioner signed.

11     The court not imposing restitution at the resentencing became an issue
12 with petitioner because the California Department of Corrections and Rehabili-
13 tation (hereafter CDCR) comenced to illegally take monies from petitioner's
14 account, after imposing its own $10,000 restitution against petitioner's Fe-
15 bruary 1, 1995 resentencing collecting about $1000 from petitioner's trust
16 account. (see exh. E)

17     On February 4, 2005, after exhausting his administrative remedies peti-
18 tioner filed an application for habeas corpus relief in San Bernardino Court
19 challenging CDCR illegally imposed a $10,000 restitution fine to petitioner's
20 February 1, 1995, sentence.

21     On February 8, 2005, the superior court issue an order denying habeas
22 corpus relief, whereon, unbeknownst to petitioner, in June 14, 2004, over nine
23 years after petitioner's February 1, 1995, resentencing, the court justified
24 CDCR's illegally imposition of the restitution by revisiting its own decision
25 wherefore modifying and imposing a $10,000 itself. (see exh. F)

26     Also in response to petitioner's request CDCR forward him a Minute Order
27 from the court of its June 14, 2004, decision of modifying and imposing a $10,
28 000 restitution fine. (see exh.G, Minute Order at p.1)

Petitioner then filed a motion for reconsideration back to the superior court. On March 23, 2005, the court denied reconsideration. (see exh. H)

Petitioner filed a hbeas petition in the Court of Appeal, Fourth Appellate District, raising the same claims, except he included in hisaddendum the claim that the superior court erred by Improperly Imposing a Belated $10,000 fine and Denied His Right to be Present at the June 14, 2004, hearing.

On April 29, 2005, the appellate court denied the habeas petition without comment or citation. (see exh. I)

Petitioner filed a habeas petition in the CaliforniaSupreme Court reiterating his claims.

On June 21, 2006, in response to petitioner habeas petition and after receiving an informal response from the Attorney General and a reply thereto from petitioner, the California SupremerCourt issue an order directing respondent to show cause before the San Bernardino Superior Court "why the restitution fine tothe extent it exceeds $100, is lawful." Citing **People v. Walker** (1991) 54 Cal. 3d 1013, 1027; **In re Candelario** (1970) 3 Cal. 3d 702, 705. (see exh. J)

On March 27, 2007, after having considered the briefs filed in this case the Superior Court issue a Minute Order (see exh. K) along witha memorandum of opinion (see exh. L) denying habeas corpus relief.

Petitioner filed a habeas petition in the court of appeal fourth appellate district raising the same claims except adding that the superior court violated the California Supreme Court's Directive in Ruling 0n The Merits of Petitioner's Claims.

On July, 20, 2007, theappellate court denied the habeas petition without comments orcitation. (see exh. M)

Petitioner filed a habeas petition in the California Supreme Court reiterating his claims.

4.

On July 9, 2008, the California Supreme Court denied the habeas petiti-
on without comments orcitation. (seeexh. N)

There are no other petitions pending in regards to this case.

### IV.

### CONTENTIONS

**THE STATE'S COURT ERRED IN IMPOSING THE RESTITUTION FINE
BECAUSE PETITIONER WAS NOT REPRESENTED BY COUNSEL AND
BECAUSE PETITIONER WAS DEPRIVED OF HIS RIGHT TO BE
PERSONALLY PRESENT ON HIS JUNE 14, 2004, HEARING THUS VIOLATING
HIS RIGHTS AS GUARANTEED BY THE FIFTH AMENDMENT
SIXTH AMENDMENT AND FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION**

### V.

### PRAYER FOR RELIEF

Petitioner is without remedy save by writ of habeascorpus.

WHEREFORE, petitioner prays the Court:

1. issue a writ of habeas corpus,

2. appoint counsel to represent petitioner in any and all proceedings
in this matter,

3. declare the rights of petitioner,

4. vacate the June 14,2004, order imposing $10,000 restitution,

5. the amount of the restitution fime should modified in thés proceeding
to be $100,

6. reimburse petitioner for any amount deducted from this trust account in
excess of this amount of $10,000, includingamounts which may have been
deducted prior tothe February 1, 1995, resentencing,

7. grant any other further relief the court deems proper and just.

Dated: 8/15/08                                    Respectfully submitted,

Juan Martinez

5.

**VERIFICATION**

I, Juan Martinez, state:

    I am the petitioner in this action. I have read the foregoing petition for writ of habeas corpus and the facts stated therin are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Soledad on 8/15/08 .

_____
Petitioner

H-24948
Number

6.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.

**THE STATE'S COURT ERRED IN IMPOSING THE RESTITUTION FINE BECAUSE PETITIONER WAS NOT REPRESENTED BY COUNSEL AND BECAUSE PETITIONER WAS DEPRIVED OF HIS RIGHT TO BE PERSONALLY PRESENT ON HIS JUNE 14, 2004, HEARING THUS VIOLATING HIS RIGHTS AS GUARANTEED BY THE FIFTH AMENDMENT, SIXTH AMENDMENT, AND FOURTEENTH AMENDMENT TOTHE UNITED STATES CONSTITUTION**

**A. THE COURT ERRED IN IMPOSING THE RESTITUTION FINE BECAUSE PETITIONER WAS NOT REPRESENTED BY COUNSEL ON HIS JUNE 14, 2004, HEARING.**

When petitioner was resentenced in February 1, 1995, he was represented by Attorney Sandra L. Waite. (see exh. D, Minute Order, Feb. 1, 1995) However when the court "modified" the sentence to add the restitution term in 2004, he was purportedly represented by Deputy Public Defender Patricia Diamond. (see exh. G, at p.1) She informed the court that Ms. Waite was no longer with their office so she was appearing for petitioner. (see exh. G, Transcripts of June 14, 2004, hearing, at p.2-4)

The court relied heavily on petitioner's "WAIVER OF PERSONAL PRESENCE FOR RESENTENCING" of February 1, 1995, to justify this purportedly attorney's representation of petitioner in 2004. (see exh. L Return to Order to Show Cause, under PERTINENT FACTS and CONCLUSIONS, at p.4-7) The court stated:

> "On January 30, [1995], petitioner filed a document entitled "Waiver of Personal Presence for Resentencing". Therein Petitioner expressly waived the following: a. His presence at the hearing on February 1, 1995, and at <u>any other hearing which might take place in this case.</u> (emphasis added)  b. Any contention that the Public Defender's Office was not permited to act on his behalf and while he was absent."

(Id. at p.4-5)

1      This court has distorted the contents of the waiver form. Petitioner

2  gave full consent for the Public Defender's Office to appear on his behalf

3  however the form itself undisputedly reflect that it is dated for the Febru-

4  ary 1, 1995, sentencing which a specifically name judge would 1) sentence pe-

5  titioner to 19 years to life plus four years for the firearm enhancemnt and

6  2) order the Department of Corrections to apply all credits petitioner has

7  earned to his sentence. (see exh. B) Petitioner at no time did he ever waived

8  his right or even imagined, that his waiver for "resentencing" of February 1,

9  1995, was going to extent nearly ten (10) years later where his sentence was

10  going to be "modified", to add a $10,000 under some purported attorney, that

11  petitioner himself had no clue that this legal counselor had been assigned

12  to represent his interest.

13      Therefore Ms. Diamond had no authority to purport to represent petiti-

14  oner. Moreover it is obvious that, while she had "reviewed" the letter from

15  CDCR, it is obvious from the transcript she had no communication with peti-

16  tioner. (see exh. G, at p.2-4)

17      Of the many ethical requirements placed upon lawyers, one of the most

18  significant is loyalty to the client. To find that she truly represented pe-

19  titioner would make a mockery of legal representation, even if she had not

20  made the prosecutor's argument to the obvious detriment of petitioner. In

21  fact it is ludicrous to hold that a public defender who has never been in co-

22  mmunication with his client, simply by reviewing a letter from CDCR, she can

23  just adversely affect petitioner's rights by parroting the prosecutor's

24  position. (Id.)

25      When petitioner signed his waiver form on January 25, 1995, it speci-

26  fically states, in part:

27      "I HEREBY REQUEST THE COURT TO PROCEED WITH THE **SENTENCING AS SET**

28      **FORTH ABOVE IN MY ABSENCE**"

8.

1   (see exh. B)(emphasis added)

2          The sentencing as set forth above specifically mentions that:

3          "[o]n **February 1, 1995** Judge Kayashima will **resentence** me to pri-

4          son for 19 years to life on the second degree murder charge and a

5          term of 4 years for the use of a firearm. All credits I have earn-

6          ed on this matter will be applied by the Department of Corrections

7          when they receive the commitment order."

8   (Id.)(emphasis added)

9          To have "modified" petitioner's sentence nearly ten (10) years later

10  under some purported attorney, not only violates petitioner's waiver agreem-

11  ent but also petitioner's right to counsel at an important stage of the pro-

12  ceedings. This court simply distorted the facts of petitioner's waiver form

13  ti fit and justified its decision of June 14, 2004, violating his Fifth Amen-

14  dment and Fourteenth Amendment due process of the United States Constitution.

15  For this reason this Court must find the imposition of the restitution order

16  to have constituded error.

17  **B. THE COURT ERRED IN IMPOSING THE RESTITUTION FINE BECAUSE PETITIONER WAS**
18  **DEPRIVED OF HIS RIGHT TO BE PERSONALLY PRESENT ON HIS JUNE 14,2004, HEA-**
    **RING.**

19

20         The court erred by finding that petitioner waived his right to be pre-

21  sent in June 14, 2004, where this court found that petitioner waived his right

22  to be present in February 1. 1995, sentence and "at any other hearing." (see

23  exh. L, Return to Order To Show Cause at p.4, line26- p.5, line 2)

24         While petitioner is not objecting to his absence in 1995 even though

25  he had in fact not waived his presence to anything, he certainly is to the

26  2004 proceeding. The form of February 1, 1995, clearly stipulates in part:

27         "I HEREBY REQUEST THE COURT TO PROCEED WITH THE SENTENCING

28         AS <u>SET</u> **FORTH ABOVE** IN MY ABSENCE"

1  (see exh. B)(emphasis added)

2       What is set forth above is:

3       "[o]n February 1, 1995, Judge Kayashima will resentence me to

4       prison for 19 years to life on the second degree murder charge

5       and a term of 4 years for the use of a firearm..."

6  (Id.)(emphasis added)

7       Here, it is clearly shown that petitioner's sentence was undisputedly

8  SET, or fixed on February 1, 1995, and not a "modification" nearly ten (10)

9  years later without petitioner's presence. (emphasis added)

10      To be sure, there is the usual phrase at the end of the document re-

11 ferring to "any other hearing", which attorneys commonly include in waivers

12 in case is continued. But it is ludicrous to find that this phrase, which

13 obviously was intended to cover the contingency of continuance of the pro-

14 posed February 1, 1995, resentencing agreement, covers a modification of

15 the sentence nearly 10 years later, long after the case had been concluded

16 and he was no longer represented by the public defender. To even sugest the

17 waiver form also applied in June 14, 2004 is plain wrong. (emphasis added)

18      By denying petitioner his right to be present in June, 2004, hearing

19 is infringement upon petitioner's constitutional right as guaranteed by the

20 Sixth Amendment to the United States Constitution to assist in his defence.

21 Here it was utterly impossible for petitioner to assist in his defence when

22 he has no clue that this strange public defender had been mysteriously app-

23 ointed parroting the prosecutor's position.(see exh.G at p.2-4) This court

24 failed to cite to any legal authority which even remotely suggest that the

25 1995 "Waiver of Personal Presence" had the legal power to extent to a hearing

26 nearly ten years later in 2004.

27      Petitioner was therefore denied his right to counsel at a "critical

28 stage" of the proceedings, in violation of the Fifth Amendment.(see Mempa

10.

1  **v. Rhay** (1967)389 U.S. 128 ["where substantial rights" may be affected] and
2  **People v. Walker** (1991)54 Cal. 3d 1013 [the consequences of a restitution
3  fine "are severe enough that it qualifies as punishment"].)

4      To hold that this 2004 hearing was an extension of petitioner's Febru-
5  ary 1, 1995, sentence must offend the due process provisions of the Fourteen-
6  th Amendment. For these reasons, this Court must find the imposition of the
7  restitution order to have constituted  error.

8
   C. THE ERROR WAS JUDICIAL.
9

10     The court then goes on to classify the record's failure to include a
11  $10,000 fine as a clerical error.(see exh.L at p.5-6) Nothing is further from
12  the truth. The error was judicial and the record evidence reflect as much.
13  ["The file futher reveals that the court **did not address the issue of a res-**
14  **titution fine** on February 1, 1995, when petitioner was sentence **pursuant to**
15  **plea agreement** to second degree murder." (see exh. F)] (emphasis added)

16     This court however revisited its judicial decision, and use petitioner's
17  waiver form, distorting the contents, to make its case, that it was correcting
18  a clerical error, clearly violating the **plea agreement** and petitioner's due
19  process right protected under the Fourteenth Amendment. (emphasis added)

20                          CONCLUSION
21

22     For the foregoing reasons, petitioner has shown that the court's
23  March 27th order is riddle with errors of Federal Constitutionality.

24     Petitioner ask this Court grant his petition, vacating the June 14,
25  2004, order imposing $10,000 restitution. Also order CDCR to reimburse peti-
26  tioner for any amounts deducted from his trust account in excess of this amo-
27  unt. Assuming any restitution could be legally imposed at all restitution
28  should not exceed the $100,minimum.

11.

1    Date: 8/15/08                    Respectfully submitted

2                                     Juan Martinez
3                                     Petitioner in Pro Per

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Juan Martinez_, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

_Correctional Training Facility_ Prison,

in the county of _Monterey_.

State of California. My prison address is: _CDC# H-24948, BW-207, Central_,

_Facility, P.O. BOX 689, Soledad CA 93960-0689_.

On _August 15, 2008_
(DATE)

I served the attached: _Petition For a Writ of Habeas Corpus with Memorandum_

_of Points & Authorities and Exhibits_
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

U.S. Courthouse
450 Golden Gate Ave.
San Francisco CA 94102-3483

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _8/15/08_
(DATE)

(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                                    ::ODMA\PCDOCS\WORDPERFECT\22832\1

-9-

# EXHIBIT "A"



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

**MINUTE ORDER — 8A**

ACIS CASE NO: F-0077030
CASE NO: RCR19476
FWV27207
DEPT: 2

JUDGE: BEN T KAYASHIMA

CLERK: LUANN GARCIA

BAILIFF: ALICE RADER

REPORTER: JANE M FOLMER

CASE TITLE: PEOPLE VS MARTINEZ JUAN MANUAL
DEF 001

DATE: 02/06/92 TIME: 08:31

COUNSEL: M E FULLER
L STOCCAN
S L WAITE

MARTHA FELICIANO
VICTIM'S MOTHER

CASE CUSTODY: _CUSTODY_                                  NP
                                          Deputy Probation Officer

NATURE OF PROCEEDINGS ☒ MOTION FOR NEW TRIAL ☒ PROBATIONARY HEARING
☒ PRONOUNCEMENT OF JUDGMENT ☐ CERTIFIED UNDER SECTION 859a P.C.
☐ DISPOSITION OF REMAINING COUNT(S)
CONVICTED CHARGES PC 187-15°; PC1203-06(a)(1) 12022-5(a) -C41

| | | |
|---|---|---|
| 158/199 | ☐ Interpreter ____ | ____ Day. |
| 92 | ☒ Defendant's motion for new trial is ☐ (A) Heard ☐ (B) Submitted ☒ (C) Denied ☐ (D) Granted | |
| 5/6 | ☐ Public Defender appointed. ☐ Attorney ____ ☐ (A) Retained ☐ (B) Appointed | |
| 276 | ☐ Criminal proceedings are suspended and Defendant placed in Department of Corrections Diagnostic Facility for a period not to exceed 90 days pursuant to Section 1203.03 P.C. | |
| 20V | ☐ Referred to Probation for Supplemental Report. | |
| 23 | ☐ Defendant ☐ (B) Waives Probation Referral ☐ (C) Requests immediate sentencing. ☐ Court accepts waiver and fixes this as time for sentence. SCPRB ☒ Probation Hearing Held | |
| 15 | ☐ Defendant waives statutory time for ☐ (A) Trial ☐ (B) Sentencing | |
| 81C | ☒ Defendant waives formal arraignment for Pronouncement of Judgment | |
| | ☒ The Court has read and considered the Probation Officer's report | |
| | ☒ Counsel indicate no legal cause why Judgment should now not be pronounced | |
| 263 | ☒ Probation denied and the Court states reasons | |
| 265A | ☒ Defendant is committed to State Prison for the term prescribed by Law — 25 YEARS TO LIFE - AS | |
| 289 | ☒ Defendant is committed to State Prison for a total determinate period of ____ TO PC 187 MIDTERM OF 4 YEARS AS TO ____ (itemized as attached and made a part hereof) | |
| 293 | ☐ Court recommends sentence pursuant to provisions of P.C. 1170(d). → PC1203.06(a)(1) AND | |
| 265B | ☐ Defendant is committed to California Youth Authority                  PC(2022.5(a)) | |
| 267 | ☐ Defendant is sentenced to San Bernardino County Jail for a period of ____ | |
| 396 | ☒ With Credit for __206 DAYS__ served. ( __204__ actual + __102__ conduct) | |
| 273 | ☐ Counts ____ to run ☐ (A) Consecutively / ☐ (B) Concurrently with ____ | |
| 274 | ☐ Sentence to run ☐ (A) Consecutively / ☐ (B) Concurrently with ____ | |
| 294 | ☐ (A) Execution/Imposition of ____ is suspended. | |
| 270 | ☐ Pronouncement of Judgment withheld as ☐ (A) Misdemeanor ☐ (B) Felony | |
| 271 | ☐ ____ Probation granted for a period of ____ years on following terms and conditions (see attached) 96 ☐ Defendant accepts probation and ☐ (A) Is given a copy of the terms and conditions/ ☐ (B) Will receive a copy of the terms and conditions | |
| 363 | ☐ Stay of execution of sentence is granted, defendant to surrender on ____ at ____ in Court ____ in Dept. ____ for remand to Custody. | |
| 282 | ☐ On Motion of People, Counts ____ are dismissed ☐ (A) In the furtherance of Justice ☐ (B) Per Plea Agreement ☐ (C) Insufficient evidence ☐ (D) ____ | |
| 283 | ☒ The Court fully advises Defendant of his ☒ (A) Appeal Rights ☐ (B) Parole Rights | |
| 107 | ☒ The Court finds Defendant is ☐ (A) Able ☒ (B) Unable to reimburse the County for attorney fees | |
| 109 | ☒ The Court finds Defendant is ☐ (A) Able ☒ (B) Unable to pay cost of presentence report | |
| 366 | ☒ Court orders Restitution Fine in the amount of $ _10,000.00_ ☐ (A) stayed pending successful completion of probation. | |
| 24 | ☐ Defendant fails to appear as previously ordered. | |
| 278 | ☐ Pursuant to Section 13202B, Vehicle Code, the Court finds a Motor Vehicle ☐ (A) Was ☐ (B) Was not used in the commission of the offense. | |
| 278 | ☒ Pursuant to Section 13550, Vehicle Code, the Court finds a Motor Vehicle ☐ (C) Was ☐ (D) Was not used in the commission of the offense. | |
| 25E | ☐ Bench Warrant ordered recalled  25B ☐ Quashed prior to issuance  38E ☐ Bail/Bond exonerated | |
| 25A | ☐ Bench Warrant ordered issued  25B ☐ Held until ____ 50C ☐ Bail/Bond forfeited  25D ☐ Bail fixed at $ ____ | |
| 230 | ☐ Defendant ordered to ☐ (A) Report to Probation Officer ☐ (B) Appear on hearing date | |
| 30 | ☒ Defendant ☐ (A) Remanded ☐ (B) Released | |
| 87G | ☐ Referred to Probation Office for report and determination of credit for time served | |
| 9A | ☐ Action continued to ____ at ____ in Court ____ in Dept. for ____ | |
| 803 | ☒ Case custody ☐ Remains ☒ (A) Changes to ____ | |
| 32 | ☒ _DEFT'S MOTION TO CONTINUE ____ IS DENIED._ | |

Pink — File
White — System Copy
Yellow — Facility Copy

32

# EXHIBIT "B"

DAVID L. McKENNA   DISTRICT ATTORNEY
PUBLIC DEFENDER COUNTY OF SAN BERNARDINO
By:   SANDRA L. WAITE    JAN 30  FH 3: 11
Deputy Public Defender
8303 Haven Avenue                ORIGINAL DIVISION
Rancho Cucamonga, CA 91730 CUCAMONGA
(714) 945-4100
Attorney for Defendant
JUAN MANUEL MARTINEZ

ORIGINAL FILED
County of San Bernardino

JAN 30 1995

County Clerk - West District

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,) | RCR 19476 |
| ) | |
| Plaintiff,) | WAIVER OF PERSONAL |
| ) | PRESENCE FOR RESENTENCING |
| -vs- ) | (PC §977) |
| ) | |
| JUAN MANUEL MARTINEZ, ) | |
| ) | |
| _____ Defendant.) | |

     I understand that my conviction for murder in the first

degree has been reversed.   The District Attorney has decided to

reduce the conviction to a murder in the second degree pursuant to

the Court of Appeal decision.

     I further understand that on February 1, 1995, Judge

Kayashima will resentence me to prison for 19 years to life on the

second degree murder charge, and a term of 4 years for the use of

a firearm.   All credits I have earned on this matter will be

applied by the Department of Corrections when they receive the

commitment order.

     I know that I have a right to be present at the hearing

on February 1, and at any other hearing which may take place on my

matter.

_JMM_   (initialled and read)

-16232-351 Rev. 4/90

1

2          I HEREBY REQUEST THE COURT TO PROCEED WITH THE SENTENCING

3    AS SET FORTH ABOVE IN MY ABSENCE.  I UNDERSTAND THAT I AM STILL

4    REPRESENTED BY THE PUBLIC DEFENDER'S OFFICE, AND I GIVE THEM FULL

5    CONSENT TO APPEAR IN MY ABSENCE ON THIS MATTER, AND TO ACT ON MY

6    BEHALF.

7

8          Dated this  25  day of January, 1995, at Tehachapi,

9    California.

10

11

12                              _____
                                JUAN MANUEL MARTINEZ
13                              Defendant

14

15          The undersigned officer witnessed the signing of this

16    document by Juan Manuel Martinez, CDC # H-24948 on the  25  day of

17    January, 1995.

18

19

20                              D. Carey  , Correctional Counselor - I
                                Witness

21                                 D. Carey

22

23

24

25

26                         PROOF OF SERVICE

27

28

6232-351 Rev. 4/90

49

# EXHIBIT "C"

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
### INDETERMINATE SENTENCE

FORM CR 292

- ☒ SUPERIOR
- ☐ MUNICIPAL
- ☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF ____ **SAN BERNARDINO**

COURT (I.D.) **3 6 0 0 0 1** ,

BRANCH OR JUDICIAL DISTRICT: ____ **WEST DISTRICT CCI-IYA RECORDS**   RECEIVED

PEOPLE OF THE STATE OF CALIFORNIA versus **F0077030**  ☐ PRESENT   **RCR19~7~** MAR 14 PM 2:43

DEFENDANT: **MARTINEZ, JUAN MANUAL**   **001**
 - B
 - C

AKA: ____   ☒ NOT PRESENT

COMMITMENT TO STATE PRISON   AMENDED   - D

ABSTRACT OF JUDGMENT   ABSTRACT ☒   - E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 2-1-95 | 2 | BEN T. KAYASHIMA | LUANN GARCIA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| JANE FOLMER | L. SCULLON | S.I. WAITE | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | ATTY TRIAL | COURT TRIAL | PLEA | CONVICTED BY | CONSECUTIVE | 664 STAT. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(a)** | SECOND DEGREE MURDER | 91 | 12 | 27 | 91 | X | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC1203.06(a)(1) | /PC12022.5(a) | 4 | | | | | | | | 4 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |

4. Defendant was sentenced to State Prison for an indeterminate term:
   - A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
   - B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____
   - C. ☒ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ____ 1
   - D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____
   - E. ☐ For other term prescribed by law on counts _____ (Specify term on separate sheet if necessary.)

   PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served  ☐ consecutive to  ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

   PER DCA OPINION DATED 09-16-94, PEOPLE DO NOT REQUEST A RE-TRIAL AND ACCEPT A SECOND DEGREE MURDER CONVICTION. CREDIT FOR TIME SERVED REMAINS AS SET FORTH ON 02-06-92.

   (Use an additional page if necessary.)

7. ☐ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:
   - A. ☐ AT INITIAL SENTENCING HEARING
   - B. ☒ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
   - C. ☐ AFTER REVOCATION OF PROBATION
   - D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(e))
   - E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR)  **2-6-92**

| | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | | ACTUAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS | |
|---|---|---|---|---|---|---|---|
| | | 306 | INCLUDING: | 204 | 102 | ☐ DMH | ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
   - ☐ FORTHWITH
   - ☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
   - INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
   - ☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA
   - ☐ WASCO
   - ☒ OTHER (SPECIFY) **CALIFORNIA CORRECTIONAL INSTITUTION—TEHACHAPI**
   - ☐ CDW—CHOWCHILLA
   - ☐ SAN QUENTIN
   - ☐ CALIF. INSTITUTIONS FOR MEN—CHINO
   - ☐ R.J. DONAVAN
   - ☐ DEUEL VOC. INST.

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| (signature) M. | |

____ ELLIOTT   **3-14-95**

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the
Judicial Council of California
Effective January 1, 1993

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE

CR 292

Pen. C. § 1213.5

DISTRIBUTION    PINK COPY—COURT FILE    YELLOW COPY—DEPARTMENT OF CORRECTIONS    WHITE COPY—ADMINISTRATIVE OFFICE OF THE COURTS

57

# EXHIBIT   "D"

## SUPERIOR AND MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
### CRIMINAL MINUTE ORDER - 3

ACIS CASE NO: F-0077030
CASE NO: RCR19476
FWV27207
DEPT: EX 2

JUDGE: BEN T KAYASHIMA

CLERK: LUANN GARCIA

BAILIFF: ALTA NIXON

REPORTER: JANE FOLMER

DATE: 02/01/95    TIME: 08:30

COUNSEL: M E FULLER
L STOLCON
S L WAITE

CASE TITLE: PEOPLE VS MARTINEZ JUAN MANUAL
DEF 001

CASE CUSTODY: ☐ OR ☐ BAIL ☐ CUSTODY ☐ FUGITIVE ☐ PROBATION  ☒ STATE PRISON

### NATURE OF PROCEEDINGS

☐ ARRAIGNMENT ON PETITION TO INITIATE PROCEEDINGS TO REVOKE PROBATION
☐ HEARINGS ON PROBATION REVIEW   ☐ FORMAL VICKERS HEARING
☐ HEARING ON PETITION FOR REVOCATION/AFTER REVOCATION OF PROBATION
☒ HEARING ON MODIFICATION OF PROBATION ☐ PC 1000 DIVERSION HEARING/REVOCATION
☐ OTHER _____ SENTENCE PER DCA OPINION

Convicted Charges PC 187-2ND ; PC 1203.06(A)(1) ; PC 12022.5(A)-C41

| | |
|---|---|
| 198/199 | ☐ Interpreter _____, sworn ☐ ½ ☐ 1 day. |
| 5 | ☐ Public Defender ☐ (A) Appointed ☐ (B) Relieved |
| 6 | ☐ Attorney _____ |
| | ☐ (A) Retained ☐ (B) Appointed ☐ (C) Present ☐ (D) Clerk to notify ☐ (E) Relieved |
| 81/80 | ☐ (A) Defendant arraigned on Petition/Bench Warrant ☐ (B) Arraignment on Petition/Bench Warrant waived |
| | ☐ (D) Defendant served |
| SCPRB | ☐ Probation hearing held (11) Defendant ☐ (G) admits ☐ (H) denies violation(s) of probation. |
| 80D | ☐ Defendant waives rights Counsel joins in ☐ (F) waiver ☐ (G) admissions |
| 259 | ☐ Vickers Hearing ☐ (A) Proceeds ☐ (B) Waived ☐ (C) Reserved |
| 426 | ☐ Witnesses sworn and testify _____ |
| 427/428 | ☐ Exhibits are ☐ (A) offered ☐ (B) marked for identification ☐ (C) entered into evidence _____ |
| 32 | ☒ DEFT'S WRITTEN WAIVER OF PERSONAL PRESENCE FOR RESENTENCING FILED 1-30-95. |
| 87 | ☐ Referred to Probation Officer for investigation and supplemental report. |
| 230 | ☐ Defendant ordered to ☐ (A) Report to Probation Officer ☐ (B) Appear on Hearing date |
| 95 | ☐ Probation ☐ (A) is revoked ☐ (B) Remains revoked ☐ (C) is reinstated |
| | ☐ (D) Extended to expire on _____ |
| | ☐ (E) Continued on original terms and conditions; ☐ (F) With the following modifications: _____ PER DCA OPINION DATED 9-16-94 PEOPLE DO NOT REQUEST A RE-TRIAL AND ACCEPT A SECOND DEGREE MURDER CONVICTION. |
| | ☒ Formal arraignment for Pronouncement of Judgment ☒ Waived |
| | ☒ Legal Cause why Judgment should not be pronounced ☒ None ☐ Cause: _____ |
| 264 | ☐ Sentence heretofore suspended is now imposed. |
| 89 | ☐ Pronouncement of Judgment heretofore withheld is now pronounced. |
| 255 | ☒ Defendant is committed to: ☒ (A) State Prison for the term prescribed by Law — 15 YEARS TO LIFE ☐ (B) California Youth Authority. AS TO PC 187a - 2ND |
| 289 | ☒ Defendant is committed to State Prison for a total determinate period of: _____ MIDDLE TERM OF 4 YEARS AS TO "LIVE" (itemized as per attached) |
| 267 | ☐ Defendant sentenced to San Bernardino County Jail for a period of: _____ |
| 396 | ☐ Credit for _____ days served. ( _____ actual + _____ conduct) |
| 283 | ☐ The Court fully advises defendant of his ☐ (B) Parole Rights |
| 325/326 | ☐ Count _____ ☐ Sentence to run ☐ (A) Consecutively with ☐ (B) Concurrently with _____ |
| 94 | ☐ Defendant is ☐ (A) Found to be ☐ (B) Found not to be: in violation of Probation |
| | ☐ Court has read and considered Probation Officer's Report(s) |
| 168 | ☐ Defendant is granted diversion for a period of: _____ |
| 96 | ☐ Defendant accepts probation/as modified and is given a copy of ☐ (A) terms and conditions / ☐ (E) jail order ☐ (B) Will receive a copy of terms and conditions. ☐ See copy of terms and conditions attached. |
| 97 | ☐ Defendant to report to Probation Officer forthwith. ☐ 30E Defendant released OR upon signing agreement |
| 30A | ☐ Defendant remanded. 30J ☐ Defendant released as to this action only. |
| 24 | ☐ Defendant fails to appear as previously ordered. |
| 30M | ☐ Court finds legal cause for defendant's absence and reserves jurisdiction over bail bond. |
| 25E | ☐ Bench Warrant Ordered recalled 25B ☐ Held until _____ 30E ☐ Bail/Bond exonerated |
| 25A | ☐ Bench Warrant Ordered issued 26B ☐ Quashed prior to issuance 30L ☐ Bail/Bond forfeited |
| | 29 ☐ Bail set/remains set at $ _____ |
| 365 | ☐ Court orders restitution fine of $ _____ previously stayed is now imposed |
| 9A | ☐ Action continued to _____ at _____ in courtroom _____ Dept. |
| | for _____ |
| 803 | ☐ Case custody ☒ Remains ☐ Changes to _____ |
| | ☒ C.T.S. REMAINS |

13-16256-360 (Rev.4/94)    FACILITY COPY

53

# EXHIBIT E

ORT ID: TS3030

CALIFORNIA DEPARTMENT OF CORRECTIONS
CIF SOLEDAO/TRUST ACCOUNTING
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: OCT. 01, 2003 THRU JAN. 08, 2004

OUNT NUMBER : H24948                     SED/CELL NUMBER: N000000000000019L
OUNT NAME   : MARTINEZ, JUAN AMNUEL            ACCOUNT TYPE: I
VILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

| TRAN | | | | | | |
|------|-------------|---------|-----------|----------|-------------|---------|
| E CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
| 01/2003 | BEGINNING BALANCE | | | | | 2.46 |
| 03*VD50 | INMATE-PAYROL | 1261 PIA 2 | | 12.33 | | 14.79 |
| 05*VD50 | INMATE-PAYROL | 1691 PIA 3 | | 14.06 | | 28.85 |
| 17 FC03 | DRAW-FAC 3. | 1867 U-II | | | 28.85 | 0.00 |
| 03*VD50 | INMATE-PAYROL | 2053 PIA 1 | | 21.83 | | 21.83 |
| 15 FC03 | DRAW-FAC 3 | 2256 U-II | | | 21.83 | 0.00 |
| CTIVITY FOR 2004 | | | | | | |
| 06*VD50 | INMATE-PAYROL | 2467 PIA 1 | | 21.76 | | 21.76 |

* RESTITUTION ACCOUNT ACTIVITY

E SENTENCED: 02/06/92                      CASE NUMBER: RCR19476
NTY CODE: S8D                             FINE AMOUNT: $ 10,000.00

| ATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|-----|--------|-------------|-------------|---------|
| 01/2003 | BEGINNING BALANCE | | | 9,290.18 |
| 03/03 | VRSO | RESTITUTION OEDUCTION-INOUSTRY | 5.52 | 9,284.86 |
| 05/03 | VRSO | RESTITUTION DEDUCTION-INDUSTRY | 6.29 | 9,278.57 |
| 03/03 | VRSO | RESTITUTION OEDUCTION-INOUSTRY | 9.76 | 9,268.81 |
| 06/04 | VRSO | RESTITUTION DEDUCTION-INDUSTRY | 9.73 | 9,259.08 |

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
* IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.        *

TRUST ACCOUNT SUMMARY

| EGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|------------------|----------------|-------------------|-----------------|---------------|---------------------------|
| 2.46 | 69.98 | 50.68 | 21.76 | 0.00 | 0.00 |

CURRENT
AVAILABLE
BALANCE
----------
21.76

# EXHIBIT "F"

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                    JUDGE: BOB N. KRUG              DATE: February 8, 2005

CASE NO.:SWHSS - 8030             CLERK: V. GAYTON               COUNSEL:

DEPT.: S-16                       BAILIFF: --

REPORTER: --

CASE TITLE:    In the Matter of the Application of
               **JUAN MARTINEZ**
               on Habeas Corpus

NATURE OF PROCEEDINGS:

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

MINUTE ORDER:

The Petition for Writ of Habeas Corpus filed with this court on February 4, 2005 seeks to have his restitution fine set aside.

The petition is denied.

Petitioner has filed this petition to have his $10,000 restitution fine imposed at his sentencing vacated. The petitioner pled guilty in 1995 to Second Degree Murder, a violation of Penal Code §187(a). He contends the court did not impose a restitution fine but that the California Department of Corrections has levied a $10,000 restitution fine and has collected to date $1,000 of that fine.

A review of the courts file indicates that the petitioner did sign a waiver of his presence at his sentencing proceedings after his plea to second degree murder. The file further reveals that the court did not address the issue of a restitution fine on February 1, 1995 when the petitioner was sentenced pursuant to the plea agreement to second degree murder, however, there is a minute order dated June 14, 2004 wherein the court modified the sentence of February 1, 1995 and added the provision that the petitioner pay a $10,000 restitution fine under Penal Code §1202.4.

As to petitioner's contention that he had a right to be present at the June 14, 2004 proceedings, he had previously signed on January 28, 1995 a personal waiver of his presence at the sentencing proceedings. This waiver would extend to the June 14, 2004 action of the court in adding the $10,000 restitution which was in fact imposed at the time he was sentence on his original conviction which was later reversed by the Court of Appeal.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

**TITLE OF CASE (ABBREVIATED):**          In the Matter of the Application of
**JUAN MARTINEZ**
on Habeas Corpus

**CASE NUMBER:**          SWHSS - 8030

## DECLARATION OF SERVICE BY MAIL

My business address is: Third Floor, Courthouse, 351 North Arrowhead Avenue, San Bernardino, California 92415-0240.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding. On _____February 8, 2005_____, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

which was addressed as follows:

**Name and Address of Persons Served:**

Juan Martinez, H-24948
CTF
P.O. Box 705
Soledad, CA 93960-0705

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: _____February 8, 2005_____          by _Mary Ann Roberts_

MARY ANN ROBERTS
Court Secretary

95

# EXHIBIT "G"

H24148 *Orig #*
D2246

### SUPERIOR AND MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
### CRIMINAL MINUTE ORDER - 3

ACIS CASE NO: F-0097030

CASE NO: FCR19476    JUDGE: Ben T. Kayashima    DATE: 6/14/04    TIME: 10:00

COUNSEL:

DEPT: R12    CLERK: Susan Alday

BAILIFF: Liz Bridges    D.A. Richard Maxwell

REPORTER: Regina Vega    P.D. Patricia Lannon

CASE TITLE: People v Martinez, Juan Manual NPC

CASE CUSTODY: ☐ OR ☐ BAIL ☒ CUSTODY ☐ FUGITIVE ☐ PROBATION

### NATURE OF PROCEEDINGS

☐ ARRAIGNMENT ON PETITION TO INITIATE PROCEEDINGS TO REVOKE PROBATION
☐ HEARINGS ON PROBATION REVIEW    ☐ FORMAL VICKERS HEARING
☐ HEARING ON PETITION FOR REVOCATION/AFTER REVOCATION OF PROBATION
☐ HEARING ON MODIFICATION OF PROBATION ☐ PC 1000 DIVERSION HEARING/REVOCATION
☒ OTHER _Modification of Sentence_

Convicted Charges _____

| | |
|---|---|
| 198/199 | ☐ Interpreter _____, sworn ☐ ½ ☐ 1 day. |
| 5 | ☐ Public Defender  ☐ (A) Appointed  ☐ (B) Relieved |
| 6 | ☐ Attorney _____ |
| | ☐ (A) Retained  ☐ (B) Appointed  ☐ (C) Present  ☐ (D) Clerk to notify  ☐ (E) Relieved |
| 81/80 | ☐ (A) Defendant arraigned on Petition/Bench Warrant  ☐ (B) Arraignment on Petition/Bench Warrant waived |
| | ☐ (D) Defendant served |
| SCPRB | ☐ Probation hearing held   (11) Defendant ☐(G) admits  ☐(H) denies violation(s) of probation. |
| 80D | ☐ Defendant waives rights Counsel joins in ☐ (F) waiver  ☐ (G) admissions |
| 259 | ☐ Vickers Hearing ☐(A) Proceeds  ☐ (B) Waived  ☐ (C) Reserved |
| 425 | ☐ Witnesses sworn and testify _____ |
| 427/428 | ☐ Exhibits are  ☐ (A) offered  ☐ (B) marked for indentification  ☐ (C) entered into evidence _____ |
| | |
| 87 | ☐ Referred to Probation Officer for Investigation and supplemental report. |
| 230 | ☐ Defendant ordered to ☐ (A) Report to Probation Officer  ☐ (B) Appear on Hearing date |
| 95 | ☐ Probation  ☐ (A) Is revoked  ☐ (B) Remains revoked  ☐ (C) Is reinstated |
| | ☐ (D) Extended to expire on _____ |
| | ☒ (E) Continued on original terms and conditions: ☐ (F) With the following modifications: _Sentence of 2-01-95, is modified to add defendant to pay restitution fine of $10,000 purs. PC/202.4_ |
| | ☐ Formal arraignment for Pronouncement of Judgment  ☐ Waived |
| | ☐ Legal Cause why Judgment should not be pronounced  ☐ None  ☐ Cause: _____ |
| 264 | ☐ Sentence heretofore suspended is now imposed. |
| 89 | ☐ Pronouncement of Judgment heretofore withheld is now pronounced. |
| 265 | ☐ Defendant is committed to: ☐ (A) State Prison for the term prescribed by Law. |
| | ☐ (B) California Youth Authority. |
| 289 | ☐ Defendant is committed to State Prison for a total determinate period of: _____ |
| | (Itemized as per attached) |
| 267 | ☐ Defendant sentenced to San Bernardino County Jail for a period of: _____ |
| 396 | ☐ Credit for _____ days served. ( _____ actual + _____ conduct) |
| 283 | ☐ The Court fully advises defendant of his ☐ (B) Parole Rights |
| 325/326 | ☐ Count _____ ☐ Sentence to run ☐ (A) Consecutively ☐ (B) Concurrently with _____ |
| 94 | ☐ Defendant is ☐ (A) Found to be  ☐ (B) Found not to be: in violation of Probation |
| | ☐ Court has read and considered Probation Officer's Report(s) |
| 168 | ☐ Defendant is granted diversion for a period of: _____ |
| 96 | ☐ Defendant accepts probation/as modified and is given a copy of ☐ (A) terms and conditions./ ☐ (E) jail order |
| | ☐ (B) Will receive a copy of terms and conditions.  ☐ See copy of terms and conditions attached. |
| 97 | ☐ Defendant to report to Probation Office forthwith.  ☐ 30E Defendant released OR upon signing agreement |
| 30A | ☐ Defendant remanded.  30J ☐ Defendant released as to this action only. |
| 24 | ☐ Defendant fails to appear as previously ordered. |
| 30M | ☐ Court finds reasonable cause for defendant's absence and reserves jurisdiction over bail bond. |
| 25E | ☐ Bench Warrant ordered recalled  25B ☐ Held until _____  30E ☐ Bail/Bond exonerated |
| 25A | ☐ Bench Warrant ordered Issued  26B ☐ Quashed prior to issuance  30L ☐ Bail/Bond forfeited |
| | 29 ☐ Bail set/remains set at $ _____ |
| 365 | ☐ Court orders Restitution Fine of $ _____ previously stayed is now imposed |
| 9A | ☐ Action continued to _____ at _____ in court _____ in Dept. _____ |
| | for _____ |
| 803 | ☒ Case custody ☒ Remains  ☐ (A) Changes to: _State Prison_ |
| 32 | |

71

1   SUPERIOR COURT OF THE STATE OF CALIFORNIA

2   FOR THE COUNTY OF SAN BERNARDINO

3   DEPARTMENT R-12        HON. A. BEN KAYASHIMA, JUDGE

4

5   THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                            )
6                          Plaintiff,        )
                                            )
7            vs.                             )  Case No. RCR19476
                                            )
8   JUAN MANUEL MARTINEZ,                   )
                                            )
9                          Defendant.        )
    _____)

10

11

12        REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS

13                   MONDAY, JUNE 14, 2004

14

15  APPEARANCES:

16  For the People:              MICHAEL A. RAMOS
                                 District Attorney
17                               BY:  RICHARD MAXWELL
                                 Deputy District Attorney
18

19  For the Defendant:           JOHN E. ROTH
                                 Public Defender
20                               BY:  PAT DIAMOND
                                 Deputy Public Defender
21

22

23

24

25

26  REPORTED BY:                 REGINA B. VEGA
                                 Official Reporter
27                               CSR No. 12612

28

COPY

253

1

1 | RANCHO CUCAMONGA, CALIFORNIA; MONDAY, JUNE 14, 2004

2 | MORNING SESSION

3 | DEPARTMENT NO. R-12                HON. BEN T. KAYASHIMA, JUDGE

4 | APPEARANCES:

5 | (The Defendant JUAN MANUEL MARTINEZ,

6 | with his Counsel, PAT DIAMOND, Deputy

7 | Public Defender; RICHARD MAXWELL, Deputy

8 | District Attorney of San Bernardino

9 | County, representing the People of the

10 | State of California.)

11 | (Regina B. Vega, Official Reporter,

12 | C.S.R. No. 12612.)

13 | THE COURT:  People versus Juan Manuel Martinez, also

14 | known as Juan Mota.  State your appearance.

15 | MR. MAXWELL:  Richard Maxwell for the People.

16 | MS. DIAMOND:  Patricia Diamond representing Mr. --

17 | THE COURT:  Martinez.

18 | MS. DIAMOND:  Martinez, from the public defender's

19 | office since Ms. Waite, W-a-i-t-e, is no longer with our

20 | office.

21 | THE COURT:  The California Department of Corrections

22 | sent to this court a letter.  It says Juan Martinez was

23 | originally sentenced on 2/6/92.  At that time was ordered to

24 | pay a restitution of $10,000.  He was resentenced 2/1/95 on a

25 | lesser charge.  It was a 187, second, at that point but

26 | clarified Court's intent on restitution on this case.

27 | Now you People looked at the file.  Any suggestions?

28 | MS. DIAMOND:  Yes.  I reviewed the letter and I also

254

2

1    looked at the code section under 1202.4 which was in fact at

2    this point in time.  And basically what happened, the Court

3    inadvertently did not mention the fine.  It should go to the

4    Department of Corrections with an order to collect the $10,000

5    under 1202.4.

6            In 1995 there was an additional section added under

7    1202.45 in which the same amount of $10,000 which was

8    originally ordered collected.  The other person was placed on

9    parole; however, that section was not in effect when he

10   committed these crimes.  So the only one the Court needs to

11   address is 1202.4, and he should reorder the $10,000.

12           MR. MAXWELL:  I agree.

13           THE COURT:  Do you agree, Mr. Maxwell?

14           MR. MAXWELL:  I agree.

15           THE COURT:  Thank you so much for your attendance.

16           MS. DIAMOND:  Will you sign a transportation order?

17           THE COURT:  Is that okay with you?

18           MR. MAXWELL:  Yes.

19           THE COURT:  Record should reflect that order has been

20   signed.

21           (The foregoing proceedings were concluded

22           for the day.)

23

24

25

26

27

28

1             SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF SAN BERNARDINO

3 DEPARTMENT R-12            HON. BEN T. KAYASHIMA, JUDGE

4 THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                    )

5                     Plaintiff,      )
                                    )

6            vs.                    ) Case No. RCR19476
                                    )

7 JUAN MANUEL MARTINEZ,                )
                                    )

8                     Defendant.     )

9

10 STATE OF CALIFORNIA    )
                     ) ss.

11 COUNTY OF SAN BERNARDINO )

12

13         I, Regina Vega, Official Reporter of the

14 Superior Court of the State of California, for the

15 County of San Bernardino, do hereby certify under penalty of

16 perjury that the foregoing pages 1 through 2, comprise a full,

17 true, and correct transcript of the proceedings held in the

18 above-entitled matter on MONDAY, JUNE 14, 2004.

19         Dated this 26th day of July, 2006.

20

21                     _____

22                     Official Reporter
                    CSR No. 12612

23

24

25

26

27

28

# EXHIBIT "H"

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                    JUDGE:  BOB N. KRUG              DATE:  March 23, 2005

CASE NO.:SWHSS - 8032             CLERK:  V. GAYTON                COUNSEL:

DEPT.:  S-16                      BAILIFF:  --

REPORTER: --

CASE TITLE:    In the Matter of the Application of
               **JUAN MARTINEZ**
               on Habeas Corpus

NATURE OF PROCEEDINGS:

## ORDER DENYING MOTION FOR RECONSIDERATION

MINUTE ORDER:

The petitioner has filed a Motion for Reconsideration of the denial of his petition on February 8, 2005.  The motion is untimely and denied.  CCP §1008.

Additionally, the respondent's action of collecting $1,000 before the court's actual order was not illegal because the restitution fine was mandatory by law.  Penal Code § 1202.4(b)(1).

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

**TITLE OF CASE (ABBREVIATED):**    In the Matter of the Application of
**JUAN MARTINEZ**
on Habeas Corpus

**CASE NUMBER:**    SWHSS - 8032

## DECLARATION OF SERVICE BY MAIL

My business address is: Third Floor, Courthouse, 351 North Arrowhead Avenue, San Bernardino, California 92415-0240.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding. On ____March 23, 2005____, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

## ORDER DENYING MOTION FOR RECONSIDERATION

which was addressed as follows:

**Name and Address of Persons Served:**

Juan Martinez, H-24948
CTF
P.O. Box 705
Soledad, CA 93960-0705

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: ____March 23, 2005____    by ___Mary Ann Roberts___

MARY ANN ROBERTS
Court Secretary

# EXHIBIT "I"

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## **ORDER**

**FILED**

APR 2 9 2005

COURT OF APPEAL FOURTH DISTRICT

In re

E037936

JUAN MARTINEZ

(Super.Ct.No. SWH8030)

on Habeas Corpus.

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED.

GAUT

_____
Acting P.J.

cc:    See attached list

1



# EXHIBIT "J"

SUPREME COURT
F I L E D

JUN 2 1 2006

Frederick K. Ohlrich Cle

DEPUTY

S133969

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re JUAN MARTINEZ on Habeas Corpus

The Director of the Department of Corrections and Rehabilitation is ordered to show cause before the San Bernardino County Superior Court, when the matter is ordered on calendar, why the restitution fine, to the extent it exceeds $100, is lawful. (*People v. Walker* (1991) 54 Cal.3d 1013, 1027; *In re Candelario* (1970) 3 Cal.3d 702, 705.) The return is to be filed on or before July 21, 2006.

George
*Chief Justice*

Kennard
*Associate Justice*

Baxter
*Associate Justice*

Werdegar
*Associate Justice*

Chin
*Associate Justice*

Moreno
*Associate Justice*

Corrigan
*Associate Justice*

123

# EXHIBIT "K"

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:    SWHSS8845            DATE:  03/27/07

CASE TITLE:    IN THE MATTER OF JUAN MARTINEZ

----------------------------------------------------------------------

DEPT: S8 03/27/07 TIME:  8:30
Hearing re: RETURN ON ORDER TO SHOW CAUSE

----------------------------------------------------------------------

COMPLAINT TYPE: WHC

JUDGE JOHN P WADE presiding.

Clerk: Margaret Knowlton

Not reported

-

APPEARANCES:

No appearance.

-

PROCEEDINGS:

THE COURT FINDS THAT THERE IS NO NEED FOR AN EVIDENTIARY HEARING IN
THIS MATTER SINCE ALL THE RECORDS AVAILABLE HAVE BEEN PROVIDED TO THIS
COURT BY RESPONDENT IN EXHIBITS ATTACHED TO THEIR RETURN.

-

THEREFORE, FROM THE RECORDS REVIEWED, UPON THE AUTHORITIES CONSIDERED,
AND FOR THE REASONS STATED HEREIN, THIS COURT FINDS THAT THE DIRECTOR
OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION HAS SHOWN GOOD
CAUSE WHY THE RESITUTION FINE, IMPOSED UPON THE PETITIONER, IN THE
AMOUNT OF $10,000.00 IS LAWFUL, AND HAS BEEN LAWFULLY IMPOSED.

PETITION FOR WRIT OF HABEAS CORPUS of MARTINEZ ID#H-24948 Denied

PLEASE SEE WRITTEN RULING FOR ANY FINDINGS.

Stage at Disposition: All other judgments before trial.

Case dispositioned by Judgment

Correspondence coversheet generated to mail COPY OF RETURN ON ORDER

321

TO SHOW CAUSE to counsel of record.

Notice given by Courtroom Clerk.

=== MINUTE ORDER END ===

=== MINUTE ORDER END ===

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino Superior Court
351 N Arrowhead Ave
San Bernardino, CA 92415
------------------------------------------------------------------------
------------------------------------------------------------------------

                                        CASE NO: SWHSS8845

   JUAN MARTINEZ ID#H-24948
   P.O. BOX 705
   SOLEDAD CA 93960-0705


I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

             COPY OF RETURN ON ORDER TO SHOW CAUSE}


------------------------------------------------------------------------
------------------------------------------------------------------------
                CERTIFICATE OF SERVICE BY MAIL
I hereby declare that I am over the age of 18 years, a resident of San
Bernardino County, State of California, and not a party to nor
interested in the above-entitled case. I am a Deputy Court Executive
Officer of the said County and on the date shown below I served the
above named document by enclosing it in an envelope addressed to the
interested party, for collection and mailing this date, following
ordinary business practice.

Executed on 04/03/07 at San Bernardino, CA. By: MARGARET KNOWLTON

                              Margaret Knowlton

------------------------------------------------------------------------
            M A I L I N G   C O V E R   S H E E T

323

# EXHIBIT "L"

1  SUPERIOR COURT
   COUNTY OF SAN BERNARDINO
2  Department No. S-8
   351 North Arrowhead Avenue
   San Bernardino, California 92415-0240

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 7 2007

BY _Olivia McDonald_
                    DEPUTY

7  ### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  ### FOR THE COUNTY OF SAN BERNARDINO

9  ### SAN BERNARDINO DISTRICT

11  In re the Petition of                    )    Case No. SWHSS-8845
                                             )
12       JUAN MARTINEZ,                       )    SUPREME COURT CASE NO. S133969)
                                             )
13                                            )
    For Writ of Habeas Corpus.                )    RETURN ON ORDER TO SHOW CAUSE
14                                            )

16  I. HISTORY OF THE MATTER

17  On June 21, 2006, the California Supreme Court ordered that the Director of the

18  Department of Corrections and Rehabilitation show cause before the San Bernardino

19  County Superior Court, why the restitution fine, to the extent it exceeds $100.00, is

20  lawful (in the case of JUAN MARTINEZ, Superior Court Case RCR 19476) (citing

21  People v. Walker (1991) 54 Cal. 3d 1013, 1027; and In re Candelario (1970) 3 Cal. 3d

22  702, 705.)

23  In response to that order this court appointed counsel for the Petitioner, Attorney

24  Donald W. Jordan, State Bar No. 34513, and set a hearing on the matter. After

25  approved continuances, as requested by both parties the hearing was conducted on

26  February 16, 2007.

27  II. ANALYSIS OF CITED LAW

28  A. In the Walker case (cited above) the Supreme Court found that:

125

1. A person convicted of a felony may face a penal fine of up to $10,000 for the penal code violation, as well as a restitution fine of from one hundred to ten thousand dollars. (Govt. Code section 13967(a)), regardless of the defendant's ability to pay.

2. To determine whether a defendant was prejudiced (so that his guilty plea may be set aside) the court should consider the defendant's financial condition, the seriousness of the consequences of which the defendant was advised, the nature of the crimes charged, the punishment actually imposed, and the size of the restitution fine.

   The last of these factors is particularly important. In the case of a minimal fine, of $100.00, no showing of prejudice normally will be possible.

3. If the sentencing court finds no prejudice from a failure to advise defendant of the possibility of a fine as part of his guilty plea, the defendant is not entitled to a remedy. When there is prejudice and a <u>timely objection</u>, the defendant is entitled to relief. (emphasis added).

   The prejudice forces the court to adopt either of two remedies; impose only the statutory minimum of $100.00, or give the defendant the option to withdraw the plea.

4. Unless a defendant is admonished pursuant to <u>Cal. Penal Code</u> section 1192.5 a defendant has not waived his right to refuse a change of plea.

5. A court may not impose punishment significantly greater than that bargained for by finding the defendant would have agreed to the greater punishment had it been made part of the plea offer.

6. If the breach of the plea bargain is first raised after sentencing, the proper remedy generally is to reduce the fine to the statutory minimum, and leave the plea bargain intact.

B. In the Candelario case, (cited above) the Supreme Court found that:

176

1. A court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. The court may correct such errors on its own judgment or upon the application of the parties.

III. CONTENTIONS OF THE PARTIES (as taken from their respective briefs submitted)

A. Respondent's contentions

1. The $10,000 fine is lawful, despite defects in the way it was recorded.

2. The trial court never exercised discretion to reduce the amount of the fine below $10,000.

3. Petitioner's waiver of personal presence at the 1995 resentencing hearing was not a promise by the People to waive restitution, or to reduce it to $100.00.

4. The trial court lawfully corrected the record in 2004, when it clarified that a restitution fine of $10,000 had been imposed, a correction which Petitioner's counsel supported.

5. The case of People v. Walker (1991) 54 Cal. 3d 1013 does not apply to this case.

6. The 1995 minute order omitted restitution because of a clerical oversight, not because of judicial error or the exercise of judicial discretion.

7. The court incorporated the 1992 sentence into the 1995 resentencing.

8. Any defect in the resentencing was corrected by the court's 2004 correction.

9. This case is unlike In re Candelario (1970), 3 Cal 3d 702, in that restitution orders were imposed in this case.

10. Petitioner's counsel did not object to the correction, thus waiving any error.

B. Petitioner's contentions

1. His waiver of personal presence was not a waiver of his right to challenge the propriety of the restitution order.

2. Petitioner's counsel was not present when the modification of sentence occurred on June 14, 2004, so there was no "agreement" with the additions of the $10,000 restitution fine to the judgment.

127

3. By "adding" the fine, the court did not "clarify" its earlier order but rather added on entirely new provision to the judgment.

4. Petitioner was not present at the June 14, 2004 proceedings.

5. Petitioner was essentially unrepresented at the time of the June 14, 2004 case, since the Public Defender's office had not been reappointed to represent him at that time.

6. Petitioner waived his right to be present at a "resentencing", not a "modification" of sentence.

7. The petition is not untimely.

8. The Walker case is applicable to this case.

9. The restitution provision was not omitted in 1995 because of "clerical error"; it was "judicial error".

10. The 1995 judgment did not incorporate the 1992 judgment.

11. The court could not lawfully impose a restitution term in 1994 when no such term was included in the original sentence.

IV. PERTINENT FACTS

1. There is no reporter's record of the proceedings held on February 1, 1995, available at this time. (Exhibit 27 to the Respondent's Return).

2. On January 10, 1995, the Court of Appeals, in case no. E010715, reversed the jury's determination of conviction for first degree murder, and remanded the case back to the trial court to give the People the option of retrying Martinez or accepting a second degree murder conviction. (Exhibit 6 to Respondent's Return).

3. When the original sentence was imposed in February, 1992, a restitution fine of $10,000 was imposed. (Exhibit 7 to Respondent's Return).

4. On January 30, 2005, Petitioner filed a document entitled "Waiver of Personal Presence for Resentencing" (Exhibit 14 to Respondent's Return). Therein, Petitioner expressly waived the following:

-4-

1             a. His presence at the hearing on February 1, 1995, and at <u>any other hearing</u>

2               <u>which might take place in this case.</u> (emphasis added).

3             b. Any contention that the Public Defender's office was not permitted to act

4               on his behalf and while he was absent.

5    5. On February 1, 1995, the trial court resentenced the Petitioner, but the record

6        does not reflect that a restitution fine was imposed. (Exhibit 15 to Respondent's

7        Return).

8    6. On June 14, 2004, the trial court modified its February 1, 2005 sentence to add a

9        restitution fine of $10,000. (Exhibit 21 to Respondent's Return). When it did so,

10        the appointed and approved attorney for the Petitioner stated, "and basically

11        what happened, the court <u>inadvertently</u> did not mention the fine. It should go to

12        the Department of Corrections with an order to collect the $10,000 under [Penal

13        Code section] 1202.4… so the only one the court needs to address is 1202.4,

14        <u>and he should reorder the $10,000.</u>" (Exhibit 22 to Respondent's Return,

15        Reporter's Transcript of June 14, 2004, proceedings, p. 2, lines 2 through 11).

16   **V. CONCLUSIONS**

17    A. The $10,000 restitution order should remain in effect. Such order was lawfully

18        imposed in 1992 and was "inadvertently" omitted from the 1995 resentencing

19        order. Such was admitted and conceded by Petitioner's approved and authorized

20        counsel at the June 14, 2004, correction of the clerical omission.

21        There is <u>no evidence</u> that the trial court intended to relieve the Petitioner of his

22        responsibility to pay the restitution fine previously imposed. On the other hand,

23        there is an express concession by the Petitioner's attorney (who was authorized

24        to act on his behalf and in his absence at any hearing concerning his sentencing

25        that the trial court might conduct) that the court "should" impose the $10,000 fine.

26    B. In the <u>Candelaria</u> case, (supra) the record did not clearly reflect that the error on

27        the abstract of justice was not the result of judicial discrimination. Therefore, the

28        abstract could not be amended to correct error, when it was not clear that the

129

1   error was clerical and the amendment substantially affected the defendant's

2   rights.

3   But in this case, it is clear that the clerk did not record the term of restitution and

4   it has been conceded by both the People and the Petitioner, through his counsel,

5   that the omission of the restitution fine from the record was "inadvertent", and not

6   the result of judicial discrimination.

7   Furthermore, the fact that the court originally imposed a restitution fine which was

8   substantially more than that recommended by probation further evidences that no

9   desire on the court's part to lower or eliminate the restitution fine occurred on

10  February 1, 1995.

11  C. There was no agreement made by the People that if Petitioner waived his right to

12  be present at sentencing, the People would waive a restitution order. No

13  evidence for that contention exists.

14  D. The Walker case (supra) is inapplicable to this case When Petitioner was

15  originally sentenced, it may be presumed that the trial court considered the

16  following factors when it imposed the restitution fine, 1) the Petitioner's financial

17  condition; 2) the nature of the crimes charged, 3) the punishment imposed; and

18  4) the size of the restitution fine. (The seriousness of the consequences advisal

19  is not relevant to a situation of sentencing after jury trial conviction).

20  At the resentencing proceeding, the only change in the above factors was a

21  reduction in sentence term. The crime remained the same. Only the title of the

22  conviction changed. There is no reason to assume that the trial court decided to

23  omit the restitution order, and every reason to assume such order was made but

24  not clerically recorded.

25  E. This court assumes that the Supreme Court has decided that the petition is not

26  untimely because of its order to this court to conduct an order to show cause

27  hearing. However, the People have correctly complained that the Petitioner's

28

-6-

130

1    long delay in raising this issue has resulted in the loss of important records which

2    might aid in the determination of the trial court's intent in this matter.

3    F.  There is no need for an evidentiary hearing in this matter since all the record

4        available has been provided to this court by Respondent in exhibits attached to

5        their Return.

6        Therefore, from the records reviewed, upon the authorities considered, and for

7        the reasons stated herein, this court finds that the Director of the Department of

8        Corrections and Rehabilitation has shown good cause why the restitution fine,

9        imposed upon the Petitioner, in the amount of $10,000 is lawful, and has been

10       lawfully imposed.

11

12   Dated this _____ day of March, 2007.

13

14                                                    _____

15                                                    JOHN P. WADE
                                                      Judge of the Superior Court
16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

131

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

**TITLE OF CASE (ABBREVIATED):**    In re the Petition of
**JUAN MARTINEZ**
For Writ of Habeas Corpus.

**CASE NUMBER:**    SWHSS – 8845
Supreme Court Case No. S133969

## DECLARATION OF SERVICE BY MAIL

My business address is: Third Floor, Courthouse, 351 North Arrowhead Avenue, San Bernardino, California 92415-0240.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding. On March 29, 2007, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

## RETURN ON ORDER TO SHOW CAUSE

which was addressed as follows:

**Name and Address of Persons Served:**

Donald W. Jordan
P.O. Box 5880
Sugarloaf, CA  92386

Brent J. Schultze
Deputy District Attorney
412 Hospitality Lane
San Bernardino, CA  92415

Supreme Court of California
Earl Warren Building
350 McAllister St.
San Francisco, CA  94102

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: **3/29/07**    by _____
N. MARTINEZ

132

# EXHIBIT "M"

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO



**ORDER**

JUL 2 0 2007

COURT OF APPEAL FOURTH DISTRICT

In re JUAN MARTINEZ
on Habeas Corpus.

E043483

(Super.Ct.Nos. SWHSS8845,
SWHSS8032, SWHSS8030 &
RCR19476)

The County of San Bernardino

---

THE COURT

The petition for writ of habeas corpus is DENIED.

**MILLER**

Acting P.J.

cc:    See attached list



# EXHIBIT "N"

S157901

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JUAN MARTINEZ on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUL - 9 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice